STATE OF SOUTH DAKOTA )          IN CIRCUIT COURT
                      : SS
COUNTY OF MINNEHAHA )          SECOND JUDICIAL CIRCUIT

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 08-648

COMMUNICATIONS SERVICES
FOR THE DEAF VIDEO RELAY
SERVICE, LLC,

         Plaintiff,                      COMPLAINT

vs.

SIGN LANGUAGE ASSOCIATES,

         Defendant.

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

        The Plaintiff, Communications Services for the Deaf, Video Relay Service, LLC ("CSDVRS"), for its Complaint against the Defendant, Sign Language Associates ("SLA"), states as follows:

        1.     CSDVRS is a registered South Dakota corporation with its principal place of business in Clearwater, Florida. CSDVRS, LLC is the successor in interest to CSD, Inc. CSDVRS, LLC and CSD, Inc., will be collectively referred in this complaint as "CSDVRS."

        2.     SLA is a corporation with its headquarters in Silver Springs, Maryland.

        3.     Beginning on or about January 11, 2006, CSDVRS and SLA entered into a Video Interpreting Service Vendor Agreement ("Agreement"), which Agreement includes



provisions requiring SLA to maintain confidentiality of certain information and prohibiting SLA from engaging in certain competition with CSDVRS.

4. Beginning on or about January 1, 2008, SLA entered into a business relationship with HOVRS, a competitor of CSDVRS.

5. SLA's business relationship with HOVRS violates the Agreement.

## Count I
## Breach of Contract - Confidentiality

6. CSDVRS realleges all previous paragraphs.

7. Upon information and belief, SLA has violated the confidentiality provisions of the Agreement.

8. For example, paragraph 17 of the Agreement requires SLA to have any qualified Video Interpreter of SLA execute an Intellectual Property and Confidentiality Agreement ("IPCA").

9. CSDVRS has asked SLA for copies of all executed IPCAs, but SLA has provided no executed IPCAs from any of SLA's Qualified Video Interpreters.

10. SLA's conduct in violating the confidentiality provisions constitutes a breach of the Agreement, which breach has caused and will continue to cause irreparable injury to CSDVRS, entitling it to compensatory damages and preliminary and permanent injunctive relief.

Case Number: Civ. 08-____
Complaint
Page 3

## Count II
## Breach of Contract – Specific Performance

11. CSDVRS realleges all previous paragraphs.

12. The Agreement is sufficiently definite and certain on its face or as reasonably interpreted to require SLA to provide all IPCAs to CSDVRS.

13. In the alternative, SLA's duty of good faith and fair dealing requires such production.

14. Because SLA has not made such production and because equity demands it, CSDVRS is entitled to an order of specific performance requiring SLA to produce all IPCAs.

## Count III
## Breach of Contract – Non-Compete

15. CSDVRS realleges all previous paragraphs.

16. In paragraph 18 of the Agreement, SLA agreed not to engage in a business relationship with any business that provides Video Interpreting Services during the life of the Agreement and for a period of one year following termination of the Agreement.

17. SLA's business venture with HOVRS constitutes a breach of contract, which breach has caused and will continue to cause irreparable injury to CSDVRS, entitling it to compensatory damages and preliminary and permanent injunctive relief.

## Count IV
### Trade Secret - Misappropriation

18. CSDVRS realleges all previous paragraphs.

19. While operating under the terms of the Agreement, SLA learned trade secrets, as defined by SDCL 37-29-1(4), owned by CSDVRS.

20. The confidential and proprietary information to which SLA had access has independent economic value because it is not generally known or readily ascertainable by persons outside of CSDVRS.

21. SLA knew and had reason to know by virtue of, *inter alia*, the Agreement that CSDVRS intends or expects to keep proprietary information confidential.

22. SLA's business relationship with HOVRS constitutes an actual or threatened misappropriation of trade secrets belonging to CSDVRS to the extent they are disclosed or used in conjunction with their new business relationship or otherwise, which misappropriation has caused and will continue to cause irreparable injury to CSDVRS and which has and will continue to unjustly enrich SLA, entitling CSDVRS to compensatory damages and preliminary and permanent injunctive relief.

WHEREFORE, Plaintiff CSDVRS respectfully prays for a judgment against Defendant SLA:

1. Declaring the Agreement valid and enforceable;

2. Awarding CSDVRS money damages as a result of SLA's breaches of the Agreement;

3. Awarding CSDVRS specific performance ordering SLA to provide all IPCAs;

4. Awarding CSDVRS preliminary and permanent injunctive relief remedying past and preventing future violations of the Agreement;

5. Awarding CSDVRS its costs, expenses, and attorneys' fees; and

6. Providing any other relief in law or in equity that the Court deems just and equitable.

Dated this 14th day of February, 2008.

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____
William G. Beck
Sara Greff Dannen
300 South Phillips Avenue
Suite 300
Post Office Box 5027
Sioux Falls, South Dakota 57117-5027
(605)336-3890
Attorneys for Plaintiff

FILED
FEB 15 2008
Minnehaha County, S.D.